UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Elizabeth L. Moulton | ) | |
| | ) | **COURT FILE NO.: 17-CV-3225** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Hunter Warfield, Inc. | ) | |
| Defendant. | ) | |

**Complaint Filed by the Debtor Arising out of Violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, violations of the Automatic Stay, provided for by Section 362 of Title 11 and the Discharge Injunction, provided for by Section 524 of Title 11, and for Breach of Contract.**

**NOW COMES** the above-named Plaintiff, an individual consumer, by and through her attorney of record, and respectfully brings before the Court an action for actual and statutory damages against Defendant Hunter Warfield, Inc. (hereinafter "Defendant") as follows:

## I. JURISDICTION

1. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of bankruptcy case number 16-30230, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this matter.

3. Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. *In Re Sumpter*, 171 B.R. 835 (Bankr. N.D. Ill. 1994). The debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay . . . shall recover actual damages, including

costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

4. Section 524(a)(2) of title 11 of the United States Code operates as an injunction against the commencement or continuation of any act to collect or recover a debt as a personal liability of the debtor. Punitive damages may also be awarded as a sanction against a creditor for violating §524. *In re Cherry, Bankruptcy E.D. Va. 2000, 247 BR 176.*

5. This Court has both personal and subject matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

6. This Court has jurisdiction for the Fair Debt Collection Practice Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

## II. PARTIES

7. Plaintiff, Elizabeth L. Moulton, is a natural person residing in the Village of Joliet, County of Will, and State of Illinois.

8. Defendant, Hunter Warfield, Inc., is a debt collection agency authorized to do business in business in Illinois. Defendant is engaged in the business of collecting debts in this state with its principal place of business located at 4620 Woodland Corporate Blvd., Tampa Bay in the State of Florida.

9. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

### III. ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

10. On or about June 6, 2013, the Plaintiff, entered into an agreement with Gatlings Chapel, Inc. to provide funeral services to a family member.

11. On or about September 22, 2016, the Plaintiff availed herself of their rights under Chapter 13 of the United States Bankruptcy Code. Immediately thereafter, the automatic stay afforded debtors in Chapter 13 became effective against the collection of all debts owned by the Plaintiffs to their creditors.

12. Included in the Plaintiffs' Chapter 7, schedule F was a debt owed to Gatlings Chapel, Inc. in the amount of $500.00. *See Attached Exhibit A.*

13. On or about February 3, 2017, Defendant sent the Plaintiff a collection letter stating that the Plaintiffs were past due on their payment in the amount of 606.67. *See Attached Exhibit B.*

14. This statement was false, inaccurate and untrue as the Plaintiff received her discharge on December 20, 2016. *See Attached Exhibit C.*

15. The alleged debt of Plaintiffs was incurred for personal, family, or household services, i.e. a funeral expenses of a relative.

16. As a result of the acts alleged above, Plaintiff suffered emotional distress and grief as well as actual damages.

### IV. CLAIM FOR RELIEF - FDCPA

17. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs 1 - 23.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Making false statements about the character, amount, or legal status of debt. §1692(e), and e(2).
    b. The Defendants collection letter failed to include required statements pursuant to §§1692(g)(3) and (4).

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## V. CLAIM FOR RELIEF – VIOLATION OF AUTOMATIC STAY AND DISCHARGE INJUNCTION

20. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

21. Defendant is liable to the Plaintiffs for violation of the discharge injunction pursuant to 11 USC 524(a)(2) for the following actions:
    a. Collection letters to the debtor's residence.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Hunter Warfield, Inc., for the following:

A. That this Court impose sanctions against Defendant, Chase, for violating Section 524(a)(2) of Title 11 of the United States Code by ordering Defendant to pay monetary damages to the Plaintiffs in excess of the sum of $5,000.00;

B. That this Court order the Defendant to pay all legal fees and expenses incurred by counsel for the Plaintiffs, said fees to be calculated at the rate of $450.00 per hour, but in no event to be less than $3,500.00;

C. That this Court order the respondents to pay additional actual damages and statutory damages of $1,000.00 for each letter to Plaintiffs for violating the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

D. That the movant have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

*/s/Thomas W. Toolis*

6270743
Thomas W. Toolis
Attorney for Plaintiffs
Jahnke Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, Illinois 60423
708-349-9333
twt@jtlawllc.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF WILL )

Plaintiff, Elizabeth L. Moulton, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Elizabeth L. Moulton_
Elizabeth L. Moulton

Subscribed and sworn to before me
this _18th_ day of _April_, 2017

_Linda L. Dovich_
Notary Public

"OFFICIAL SEAL"
LINDA L. DOVICH
Notary Public, State of Illinois
My Commission Expires 09/11/19